IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES THOMAS PALADINO,   :<br>:<br>Petitioner,   :<br>:<br>v.   :<br>:<br>DEBRA SAUERS, et al.,   :<br>:<br>Respondents.   : | CIVIL ACTION<br><br>NO. 11-7470 |

## ORDER

**AND NOW**, this ___ day of May, 2012, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey, and Petitioner's Objections in opposition thereto, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED IN PART**;[1]

---

[1] The Court approves and adopts all of Judge Hey's Report and Recommendation except for her final recommendation that Petitioner Paladino's petition be dismissed without prejudice. Judge Hey concluded that Petitioner filed a "mixed" habeas petition which left him with two options which Judge Hey thoroughly explained: either withdraw the unexhausted claims within his petition, or file a Pennsylvania Post Conviction Relief Act ("PCRA") petition presenting his unexhausted claims to state court. See Rhines v. Weber, 544 U.S. 269, 278 ("[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims."); McLaughlin v. Shannon, 454 Fed. Appx. 83, 86 (3d Cir. 2011) ("When faced with a mixed petition, District Courts have four options available: dismiss the petition without prejudice; stay the petition pending the outcome of state proceedings under Rhines, allow the petitioner to delete all unexhausted claims and proceed on the remainder, or –if the unexhausted claims are meritless–deny them under 28 U.S.C. § 2254(b)(2)."). Petitioner's response to Judge Hey's Report and Recommendation indicated that he wished to withdraw his unexhausted claims and for the Court to proceed on the exhausted claims. In the event that Petitioner withdrew his unexhausted claims, Judge Hey recommended return of the petition to her Court for further consideration. Thus, rather than dismissing Petitioner's petition without prejudice, the Court returns the petition, now excluding his unexhausted claims, back to Judge Hey for review of his exhausted claims in accordance with Petitioner's response to the Report and Recommendation.

2. This matter is returned to Magistrate Judge Hey to review Petitioner's petition without the unexhausted claims.

3. Petitioner's demand that the Court refrain from using his private name, Charles Paladino, is **DENIED**.[2]

4. There are no grounds for the issuance of a certificate of appealability.

                **BY THE COURT:**

                /s/ Petrese B. Tucker

                _____
                **Hon. Petrese B. Tucker, U.S.D.J.**

---

[2] In his objections to the Report and Recommendation, Petitioner asserts that there is a distinction between his private name, Charles Paladino, and his public name, CHARLES PALADINO, and his private name should not be utilized by the Court. The Court finds no merit to this assertion.